MANN, Judge.
The trial judge properly dismissed an action against the appellant’s insurer asserting coverage under the uninsured motorist clause, where the insurer had, after commencement of the action, demanded arbitration.[1] The insured had not sought arbitration. The case differs from Liberty Mutual Fire Insurance Company v. Winfree, Fla.App.2d 1971, 252 So.2d 388, in that there a demand for arbitration had been made by the insured but was ignored by the insurance company. Consequently, those plaintiffs were justified in bringing an action where this plaintiff was not.
On cross-appeal, the insurance company correctly asserts that attorneys’ fees for plaintiff’s attorneys were improperly awarded. The insured did not prevail in the action so the statutory requirement was not met.[2]
Affirmed in part and reversed in part.
PIERCE, C. J., and HOBSON, J., concur.

. Fla.Stat. 627.0127(1) (1960), F.S.A. provides: “Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.